UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HELENE FRASER-NASH,  *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION H-07-00004 |
| ALL POINTS MOVING & STORAGE, L.P. & ATLAS VAN LINES, INC.,  *Defendants*. | § § § § | |

### MEMORANDUM AND ORDER

Before the court is defendants' motion to dismiss plaintiff's state-law claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. 2). After a careful review of the pleadings and the applicable law, the motion to dismiss is GRANTED.

### I. BACKGROUND

Defendants are interstate motor carriers of household goods and personal property. (Dkt. 2 at 1). The plaintiff contracted with the defendants using a bill of lading to move her personal property from Houston, Texas to Shelbyville, Tennessee between November 7, 2005 and November 11, 2005. (Dkt. 1, Ex. 2 at 2). The plaintiff alleges that some of her belongings were damaged during the move and that some were not delivered at all. *Id*. The plaintiff filed suit in Texas state court alleging claims of negligence and breach of contract in the delivery of her possessions. (Dkt. 1). The defendants subsequently removed the case to this court. *Id*. The defendants now move the court under Rule 12(b)(6) to dismiss the action based on complete preemption of the state-law claims by the Carmack Amendment. (Dkt. 2).

## II. ANALYSIS

*A.     Legal Standard: 12(b)(6)*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted.  First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant could prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing 5B WRIGHT & MILLER § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted").  Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. *See Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).  However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).  In addition, a court must not look beyond the pleadings when determining whether a complaint states a claim upon which relief may be granted. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th Cir. 1982).

B.  *Complete Preemption: Carmack Amendment*

The defendants argue that the plaintiff's state-law claims are preempted as a matter of law by the Carmack Amendment. The Carmack Amendment, enacted in 1906 as an amendment to the Interstate Commerce Act of 1887, now codified in pertinent part at 49 U.S.C. § 14706 *et seq.*, governs the liability of carriers for goods lost or damaged during the interstate shipment of property.[1] *See* 49 U.S.C. § 14706(a) (addressing liability of motor carriers). Under the Amendment, a shipper may recover for the actual losses resulting from damage to property caused by any of the interstate carriers involved in the shipment. *See* 49 U.S.C. § 14706. In *Adams Express Co.*, the Supreme Court considered the preemptive scope of the Carmack Amendment and concluded that it superseded all state regulation regarding interstate common carrier liability.[2] *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913). Relying on the reasoning of *Adams Express Co.*, the Fifth Circuit has held

---

[1]  The Carmack Amendment reads in pertinent part:

> A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation . . . . That carrier and any other carrier that delivers the property and is providing transportation or service . . . are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed . . . is for the actual loss or injury to the property . . . .

49 U.S.C. 14706(a)(1).

[2]  Prior to the Amendment,

> [s]ome states allowed carriers to exempt themselves from all or a part of the common law liability by rule, regulation or contract; others did not; the Federal courts sitting in the various States were following the local rule, a carrier being held liable in one court when under the same state of facts he would be exempt from liability in another; hence this branch of interstate commerce was being subjected to such a diversity of legislative and judicial holding that it was practically impossible for a shipper engaged in a business that extended beyond the confines of his own State, or for a carrier whose lines were extensive, to know without considerable investigation and trouble, and even then oftentimes with but little certainty, what would be the carrier's actual responsibility as to goods delivered to it for transportation from one State to another. The [Carmack Amendment] has made an end to this diversity; for the national law is paramount and supersedes all state laws as to the rights and liabilities and exemptions created by such transaction.

*Adams Express Co. v. Croninger*, 226 U.S. 491, 505 (1912) (quoting *S. Pacific Co. v. Crenshaw*, 63 S.E. 865, 870 (Ga. Ct. App. 1909)).

that state-law claims seeking damages for losses arising out of the interstate shipment of goods by a carrier under a receipt or bill of lading are preempted by the Carmack Amendment. *See Hoskins v. Bekins Van Lines, L.L.C.*, 343 F.3d 769, 778 (5th Cir. 2003) ("We are persuaded by . . . preceding decisions and analysis offered by the Supreme Court, and this Court, that Congress intended for the Carmack Amendment to provide *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier*."); *Moffit v. Bekins Van Lines, Co.*, 6 F.3d 305, 307 (5th Cir. 1993) (holding that the Carmack Amendment preempted plaintiffs' state-law claims for, *inter alia*, intentional and negligent infliction of emotional distress, breach of contract, violation of the Texas Deceptive Trade Practices Act, misrepresentation, fraud, and negligence); *Air Prods. & Chems., Inc. v. Ill. Cent. Gulf R.R. Co.*, 721 F.2d 483, 486 (5th Cir. 1983).

> That the legislation supersedes all the regulations and policies of a particular state upon the same subject results from its general character. It embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation, or contract. To hold that the liability therein declared may be increased or diminished by local regulation or local views of public policy will either make the provision less than supreme, or indicate that Congress has not shown a purpose to take possession of the subject. The first would be unthinkable, and the latter would be to revert to the uncertainties and diversities of rulings which led to the amendment.

*Id.* (quoting *Adams Express Co.*, 226 U.S. at 505-06).

It is clear from the existing law that the plaintiff's current claims for common-law negligence and breach of contract are preempted by the Carmack Amendment. *See Hoskins*, 343 F.3d at 778. In this context, the Amendment "so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all." *See Carpenter v. Wichita Ind. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). Accordingly, the plaintiff's claims cannot be sustained based on the current pleadings, and they must fail as a matter of law.

### III. Conclusion

For the foregoing reasons, the defendants' motion to dismiss the plaintiff's state-law claims pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED. Plaintiff's claims against the defendants are DISMISSED WITH PREJUDICE. Plaintiff shall have ten (10) days from the date of this Order in which to file an amended complaint stating a claim under the Carmack Amendment, if any, against Atlas Van Lines, Inc.

It is so ORDERED.

Signed at Houston, Texas on February 5, 2007.

_____
Gray H. Miller
United States District Judge