UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HELENE FRASER-NASH, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-00004 |
| | § | |
| | § | |
| ATLAS VAN LINES, INC., | § | |
|    *Defendant*. | § | |

**MEMORANDUM OPINION and ORDER**

Pending before the court is defendant Atlas Van Lines, Inc.'s ("Atlas") motion for summary judgement. Dkt. 21. Upon consideration of the parties' pleadings, the summary judgment evidence, and the applicable law, the court is of the opinion that the motion should be GRANTED.

**BACKGROUND**

Atlas is an interstate motor carrier of household goods and personal property. Dkt. 2 at 1. Plaintiff Helen Fraser-Nash contracted with Atlas using a bill of lading to move her personal property from Houston, Texas to Shelbyville, Tennessee between November 7, 2005, and November 11, 2005. Dkt. 1, Ex. 2 at 2. Fraser-Nash alleges that during the transport, Atlas damaged or lost some of the shipped goods. *Id*. Consequently, Fraser-Nash filed suit in Texas state court claiming that Atlas was negligent. Dkt. 1. Atlas subsequently removed the case to this court. *Id*. On February 14, 2007, Fraser-Nash filed her amended complaint, seeking $71,356.82 in actual damages under the Carmack Amendment to the Interstate Commerce Act. Dkt. 8 ¶¶ 4, 6. Atlas then filed its motion for summary judgment on November 11, 2007.

**STANDARD OF REVIEW**

Summary judgment should be granted if the record, taken as a whole, together with any

affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *N.Y. Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc) (quoting *Celotex*, 477 U.S. at 323-25). "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *see also Celotex Corp.*, 477 U.S. at 323-25. If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075.

If the moving party meets this burden, however, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. *Little*, 37 F.3d at 1075; *Wallace*, 80 F.3d at 1047. Factual

controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Wallace*, 80 F.3d at 1048 (quoting *Little*, 37 F.3d at 1075); *see also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996). The court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.1995), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir.1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S. Ct. 2505 (1986).

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

## ANALYSIS

Atlas urges that summary judgment is appropriate because Fraser-Nash cannot show that a genuine issue of material fact exists as to any element of her Carmack Amendment claim. To survive summary judgment, a plaintiff must introduce sufficient evidence to show that there is a genuine issue of fact as to her Carmack Amendment claim.[1] Under the Carmack Amendment, a plaintiff must show: (1) delivery of goods to the carrier in good condition; (2) delivery of goods by the carrier back to the plaintiff in damaged condition, or not at all; and (3) actual loss or damage.

---

[1] The Carmack Amendment is codified at 49 U.S.C. 1706. It provides the exclusive remedy for goods lost or damaged by interstate shipment carriers, and preempts all applicable state laws. *See United Van Lines, LLC v. Marks*, 404 F. Supp. 2d 954, 957-58 (2005) (quoting *Hoskins v. Bekins Van Lines,* 343 F.3d 769, 778 (5th Cir. 2003)).

*Missouri Pac. R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138, 84 S. Ct. 1142 (1964); *see also Accura Sys., Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 877 (5th Cir. 1996). Atlas argues that Fraser-Nash fails to demonstrate a genuine issue of material fact as to all of the foregoing *prima facie* elements.

### *Delivery of Items in Good Condition*

The Fifth Circuit has held that a bill of lading containing an "apparent good order" clause is *prima facie* evidence that the accompanying goods are in good condition. *Marks*, 404 F. Supp. 2d at 958. However, in the instance that the goods tendered to the carrier have been prepacked and are unavailable for carrier inspection or viewing, the bill of lading is not sufficient proof of good condition. *Spartus Corp. v. S/S Yafo,* 590 F.2d 1310, 1319 (5th Cir. 1979). Instead, the bill of lading will apply "only to those portions of the shipment which are visible and open to inspection." *Id.* For those goods not available for inspection, the plaintiff must provide "other substantial and reliable proof" that the goods were tendered to the carrier in good condition. *Marks*, 404 F. Supp. 2d at 985. The plaintiff will be subject to an evidentiary burden of "adequate proof," or proof "by a preponderance of the evidence." *Frosty Land Foods Int'l, Inc. v. Refrigerated Transp. Co.*, 613 F.2d 1344, 1347 (5th Cir. 1980); *Spartus Corp.*, 590 F.2d at 1319.

Fraser-Nash's total shipment of goods included boxes both prepacked by herself and boxes packed by Atlas. Dkt. 21, Ex. A. Additionally, the shipment included boxes and storage bins kept by Fraser-Nash in a storage unit from 2001 to 2005. Dkt. 21. These boxes were not opened or examined by Atlas before shipping. *Id.* Consequently, the bill of lading and its "apparent good order clause" is insufficient *prima facie* evidence that goods either kept in storage or prepackaged by Fraser-Nash were in good condition at the time of tender to Atlas. *Spartus Corp.*, 590 F.2d at 1319.

In the alternative, Fraser-Nash asserts that most of the items in storage were newly purchased. Dkt. 22. Fraser-Nash claims that the flooding of her home necessitated the purchase of replacement goods, most of which were immediately placed into the storage unit. Dkt. 22 ¶ 4. Therefore, Fraser-Nash argues that it can be inferred that the items were in good condition at the time of tender. Dkt. 22 ¶ 4. However, Fraser-Nash provides no affidavit evidence to substantiate this claim, nor does she provide the court with any evidence whatsoever as to the truth of this assertion. The court is left to rely on those claims provided in her pleadings alone, which it may not do. FED. R. CIV. P. 56(e)(2). Finally, Fraser-Nash makes no reference to the condition of those goods she herself packed. Therefore, summary judgment is appropriate as a matter of law in regards to goods either previously stored or prepacked by Fraser-Nash because she failed to proffer sufficient evidence to create a genuine issue of material fact.[2]

*Receipt of Goods in Worse Condition, or Not at All*

Assuming that a plaintiff can first establish the shipped items' good condition at the time of tender, she must then show that there is a genuine issue of material fact as to whether the goods were received from the carrier in a damaged state, or not at all. *Missouri Pac.*, 377 U.S. at 138. Having reviewed the bill of lading, Fraser-Nash claims that Atlas failed to deliver many items that she shipped. Dkts. 8, 22 ¶ 4. However, Fraser-Nash does not point the court to specific inventory, box numbers, or corresponding lines on the bill of lading to establish exactly what is missing. Further, Atlas claims, and Fraser-Nash admits, that plaintiff has at least twenty boxes in her garage that have

---

[2] Summary judgment is not appropriate however as to goods packaged by Atlas because the bill of lading contains an "apparent good order" clause. Dkt. 21, Ex. 8. Therefore, the bill of lading is sufficient proof of the good condition of the items Atlas packed for shipment. *Marks*, 404 F. Supp. 2d at 958. Nevertheless, for reasons further explained, Fraser-Nash cannot demonstrate a genuine issue of material fact regarding her remaining two Carmack Amendment elements related to such goods.

remained unopened.  Dkt. 21.  Fraser-Nash contends that her claims are not predicated on the contents within these boxes.  Dkt. 22 ¶ 5.  However, without opening them, Fraser-Nash cannot establish an accurate account of what is truly lost.  Lastly, Fraser-Nash failed to present to the court any evidence showing that certain shipped goods were damaged in transit.  Instead, the court is left with the general request for damages made in Fraser-Nash's complaint.[3]  Dkt. 8.

Therefore, Fraser-Nash fails to establish a genuine issue of material fact as to the second element of the Carmack Amendment claim.  Summary judgment is appropriate as a matter of law.

*Actual Loss or Damage*

Finally, Fraser-Nash fails to establish a genuine issue of material fact as to any actual loss or damage sustained.  Fraser-Nash has not designated an expert witness to testify as to damage estimates.[4]  Dkt. 21.  Further, Fraser-Nash has neglected to provide admissible evidence of damaged items.  To reiterate, Fraser-Nash may not rely on the assertions made in her pleadings but instead must support her damage claims with other evidence sufficient to establish a genuine issue of material fact.  That she has failed to do.[5]

---

[3] The only reference to Fraser-Nash's ability to establish this element is found in her reply to Atlas's motion for summary judgment, in which plaintiff points the court to an attached affidavit.  Dkt. 22; *see also* n.5.  But, the referenced affidavit was not attached to Fraser-Nash's reply and has never been provided to the court.

[4] Nor, as Fraser-Nash admits, is she an expert in furniture damage assessment.  Dkt. 21, Ex. C at 66.

[5] Fraser-Nash did submit two noteworthy documents for the court's consideration.  The first document is a settlement offer wherein Atlas offers Fraser-Nash $1130.94 to satisfy a list of allegedly damaged items.  Dkt. 31, Ex. 1 at "Item 2B."  However, this document is insufficient summary judgement evidence—it is not an estimation of actual loss or damages, but instead a simple offer to settle.  Offers of settlement are not admissible to establish liability of a defendant or validity of a plaintiff's claim.  FED. R. EVID. 408.  Next, Fraser-Nash submitted to the court a copy of the damage claim she filed with Atlas.  Dkt. 31, Ex. 1 at "Item 2B P3."  The claim lists several allegedly lost or damaged items.  *Id.*  Again, this evidence is unverified and insufficient to establish a genuine issue of material fact regarding Fraser-Nash's actual loss or damage.  Similar to allegations contained within Fraser-Nash's pleadings, this is simply a reiteration of the claim that Atlas has lost or damaged Fraser-Nash's goods.  Fraser-Nash bears the burden of establishing such evidence beyond mere allegations.  She fails to do so.  Therefore, there is no genuine issue of material fact as to actual damage or loss, and summary judgement is appropriate as a matter of law.

### III. CONCLUSION

Fraser-Nash has failed to show the existence of a genuine issue of material fact as to each element required to establish a *prima facie* Carmack Amendment claim. The requisite proof necessary to sustain a nonmovant's objection to summary judgment is entirely lacking. Absent such proof, summary judgment is appropriate as a matter of law.

For the foregoing reasons, Atlas's motion is GRANTED.

Signed at Houston, Texas on February 7, 2008.

_____
Gray H. Miller
United States District Judge